Commissioner of Internal Revenue will hear counsel for the appellant. Mr. Joswiak am I pronouncing it right? Correct. I do have a name that is never pronounced correct. Perfect your honor. Joswiak. Joswiak yes. Okay thank you. May it please the court my name is Steven Joswiak counsel for petitioner appellant Walter Anderson. With the court's permission I would like to reserve four minutes for rebuttal. That's for the court today is whether a taxpayer in a civil tax matter is entitled to his day of court to argue his case on the merits or whether the doctrine of collateral estoppel shall prevent him from doing so. What is in the court today is the fact that somebody who admitted in court that he was responsible for was it a hundred thousand or more? It's more. Over a hundred million dollars of the tax laws. Over a hundred million dollars. The biggest as I read the government's brief the biggest tax. Deficiency. Deficiency ever. Potentially for an individual. Well but he admitted it I mean he. He stipulated to it didn't he the amount? For sentencing purposes only your honor. Well before the tax court he stipulated. No he did not he stipulated to the income of Golden Appel your honors that was never in dispute. All right and he admitted that he owed taxes on the income he was earning the majority of which was G&A right? Before he admitted. Before the before the district court. Judge Friedman. Yes. Yes your honor he admitted for sentencing purposes only that the tax loss would exceed a hundred million dollars. He admitted when he pleaded guilty that he did not pay the taxes that were due. He admitted that he committed tax evasion under section 7201. And what does that comprise of? Well there were several items there were certain bank accounts. No but I mean it means he admitted he didn't pay the tax. He admitted that he evaded the tax it was never a determination as to the amount of tax due and while initially Judge Friedman in the district court. He to an amount of income earned by Golden Appel for the years 1998 and 1999. He never stipulated as to how or when that that income should be taxed. But since that was the majority of the income that could have been taxed against him isn't there an inherent connection that we can make between the two? I don't believe so your honor under Ferguson versus Commissioner in the tax court the doctrine of collateral estoppel cannot be used to hold a taxpayer or quite frankly the government to the amount that's pled under 7201. The magnitude of point of admitting something to the court and then saying oh but we really didn't do it and you shouldn't hold us to it. I mean don't isn't there something that must have inherent responsibility that when you admit something it's an admission? What your honor it's for sentencing purposes only because the element doesn't mean that you can admit it for sentencing purposes only and then say oh yes but I didn't mean it. I mean no it was to be determined by the tax court and even Judge Friedman once the matter went up on appeal and was sent back to Judge Friedman where the the appellate court determined that Judge Friedman could have ordered restitution to the United States government. He decided to have the United States Tax Court to make that determination. He chose not to do it. He certainly had all the information that the tax court had but he was not familiar with the nature and character of the income controlled foreign corporations. Is it one? Is it not one? Is it just a foreign? But we don't even need to get to that do we? Because he admitted to evading the tax. Yes he did. The majority of the tax would be due on monies from GNA and he admitted to the GNA income. I mean I I fail to see where there is a step missing in that. He never admitted where it came from. Well he admitted. What assets was the attorney referring to if it was not a reference to the Golden Apple income? There was nothing else that could have been close to that. Your Honor. Isn't that right? The other items of income were not in the hundreds of millions of dollars. Far from it. Far from it. That is correct but. Okay what were the essential facts required to support Anderson's guilty plea and conviction? That he willfully intended to evade a tax. Okay and why shouldn't that be dispositive? Not as to the amount of restitution. Clearly no one's saying that he did not plead guilty to it Your Honor. Okay and what did his guilty plea encompass? The willful evasion of tax. And why? Under section 7201 of the Internal Revenue Code. And why shouldn't we hold him to that? I'm not asking for a reversal on that conviction Your Honor. It won't help. I mean you shouldn't even try. Well I'm not. I understand that Your Honor. It's and in the Ferguson case and I think it's a dangerous path that when you start using under guilty pleas there are many reasons why people may plead guilty and ultimately. What would be another reason why he would plead guilty to a hundred million? Your Honor as part of a plea bargain which is a contract which is clearly set forth. And he got a pretty good bargain too. Your Honor that depending on how you look at it 108 months to 135 months it is quite a time. He's not a violent offender. He's in a camp. It's not a minimum or maximum. It's really just a camp. So what? What does that mean for us? I mean why are you why are you telling us that? You know he could have he could have been held deficient 200 million if this thing had gone to a hearing on the exact figures and he he he pled to a hundred million. He got a pretty good deal. He got even then below the the ten year he got what nine years and six months. So that that when you talk about what goes into a plea I think there are factors on both sides. I understand that Your Honor and in order to get that sentence Your Honor you have to come up with a dollar amount. So it would be no different and a matter of fact in the Ferguson case it was the flip side where a drug dealer had you know admitted for his plea a certain amount of drugs being sold. Then he goes into tax court on the civil end of the plea and wants to say oh I only sold so much marijuana or cocaine therefore I only have so much tax to pay on that. And the government wanted to prove by other indirect methods that it was more than that. And they were held that you know he was not he couldn't invoke the doctrine of collateral estoppel. And that I believe the tax court should have looked at the nature and character of the income. Did you ask them to do that? Excuse me Your Honor. Did somebody from Mr. Anderson ask them to do that? Your Honor in the October 2010 opinion of Judge Gustafsson he ruled that the income of Golden Appel was taxable to Mr. Anderson. The only thing remaining to be decided was the nature or character of that income Your Honor. So it was. And we know that that was at least the gold primarily you're not denying that it was primarily the Golden Apple income are you? You're not challenging that. No that is what Judge Gustafsson said that the You're not challenging that. That's that's a given. That was in his opinion. But he then said Well wait a minute. You didn't answer my question. Are you challenging that? I'm challenging as to how and when it should have been taxable. Okay. Judge Gustafsson said that there will be a hearing on whether it was it was chapter F or not. But then subsequent to there was the agreement of the parties to the deficiency and penalties for the years 1998 and 1999. And aren't you bound by those figures? Your Honor once he had made the ruling. Aren't you bound by those figures? We're bound by those figures but Your Honor that's why we're here appealing his decision Your Honor as to rely on that and that. He was wrong to rely on the 1998-1999. Is that a question? We agree. That's a question yes. I understand it's a question Your Honor. We agreed to that after he basically put us in a corner. He basically not basically he said Are you trying to wiggle out of it now? We're saying he shouldn't have made that decision that he should have looked at the nature and character of the Golden Apple income for 1998 and 1999 and then determine whether it should have been. We decide these cases on the record and I am looking at Judge Gustafsson's decision of March the 7th 2011 pursuant to the agreement of the parties in the above entitled case it is ordered and decided that the following statement shows the deficiencies of income tax and penalties due from the petitioner for the taxable years 95 through 99 inclusive without taking into consider jeopardy assessments 1998 deficiency 50 million 22 for 18 penalty 37 million 1999 91 million 475 blah penalty 68 million now aren't you bound by those figures yes Your Honor subject to this appeal where we are arguing that the decision to this appeal I don't I don't quite understand we're saying agree to the deficiencies you can when you agree to the amount you can say well gee whiz he should have decided something before he accepted our agreement is that what you're saying no Your Honor his October 2010 opinion left basically no recourse that's basically a judge giving someone a death sentence and saying well we just have to decide is it by firing squad when he said it was taxable to mr. Anderson for 1998 in 1999 whether it was taxable as subpart F income ordinary rates alter ego theory a capital gain rates it was well over 50 to 100 million no matter which way you looked at it your honors and therefore we thank you your honors I appreciate okay thank you your honor basically your honor I'm not disputing that given his decision of October 2010 that that's what the computation would have been we're saying that his decision of October 2010 was incorrect for his family did you appeal that in this that's in the civil case no which case is that in the tax court case and that's why we're here your honor we could not take an interlocutory appeal at the time so once you can only ask did you did you file a motion seeking an interlock mr. Anderson did not he was pro se in that matter so we waited for you know after the decision to file the appeal with the Third Circuit thank you very much your honor thank you am I pronouncing that wrong no you're pronouncing that absolutely right good morning your honor may it please the court my name is Bethany Hauser for the Commissioner of Internal Revenue I just like to start by confirming that we agree that the taxpayers are bound by the stipulation in that final tax court order but also point out that the that final tax court order on the second page indicates that it's without prejudice to appeal the summary judgment decision so that's the scope of this courts of the issues on appeal is the issues decided in the summary judgment there was no need to make that determination there was going to be a trial on the sub chapter F issue so that was not decided in the summary judgment motion that was decided by the stipulation is there still such a trial to come up or what's no I think if the if if this court were to decide that it was erroneous to find that the tax that the tax court let me start again if if the tax court erred in concluding on summary judgment that this was that this golden apple income was taxable to mr. Anderson during 98 99 that was the second summary judgment proceeding a second if that was erroneous then the case might need to be remanded for a trial on the issue whether it was taxable to him in those years but I think the question of the method by the amount and the method by which it should be taxable has been resolved by that stipulation okay you know I'm not quite sure I understand entirely where you're coming from I understood from the October 2010 decision that judge Gustafson was going to determine the nature of the GNA income because if it was capital gains versus chapter F that could make a difference in the amount is that a correct understanding he would guess he was planning to hold a trial on that issue yeah and then he got the agreement of the parties to the above deficiencies without making that determination that's right was that correct or should he still have made that when the right to appeal is preserved should he still have made that determination whether it was chapter F or another income of put in then there was no need to decide what what legal theory of taxation was it is so you're saying that that there was you were just talking about there was still going to be a trial on the chapter F there were after summary judgment there was still going to be a trial on the sub chapter F issue it was the issues that otherwise would have been resolved at trial that were resolved by the final stipulation okay so you're talking about then pre March of 2011 there was going to decision the agreement the stipulation there was no longer a need for a trial that's right I think I think you can view the appeal the same way you would view a preliminary an appeal from a preliminary sub summary judgment motion that wasn't final and couldn't be appealed and then there was a trial you could still look at the issues from that preliminary summary judgment why why was there then no need for a trial to determine if the GNA income was sub chapter F to Mr. Anderson because the only the sub chapter F only affected the only issue with sub chapter F was the precise amount of tax resulting okay but what if it was capital gains that's the question was it capital gains was a sub chapter F all of those issues are resolved by stipulating to an amount okay how are they resolved because it's because they're stipulating to the amount due so you don't care how the amount is due because they're saying the amount is due yes okay but they still reserve the right to appeal they reserve the right to appeal the summary judgment ruling yes so that that's that that that appeal is futile because they have stipulated to the amount and it doesn't make any difference no I don't think it's necessarily futile if the court summary judgment ruling was also necessary to the decision so if this court held the summary judgment on the other issues as opposed to the difference between chapter F and right whether it was attributable to him for that tax year basically I think we're saying this I'm just thinking about so you can't really know if you're both talking at the same time that's right so let me just reiterate I think that the summary judge the second summary judgment opinion resolves the issue whether the income can be attributed to mr. Anderson from 1998 and 1999 by some method and that is the issue that it was preserved for appeal okay give me that again would you the issue that was resolved in the second summary judgment motion was whether mr. Anderson whether the income the golden apple income can be attributable to attributed to mr. Anderson for 1998 and 1999 on the basis of the record from his prior criminal case yeah and this previous stipulations in the tax court okay that issue was that's the issue that was resolved on summary judgment and therefore that's the issue that was preserved for appeal yeah okay okay I understand where you're coming from now okay John the other to listen that was the that was the second summary judgment opinion the other issue that the tax court resolved on summary judgment on the basis of mr. Anderson's prior criminal case was of course the issue of fraud the tax court resolved that because mr. Anderson had pleaded to 7201 tax evasion and there are a large number of cases going back 50 years holding that 7201 tax evasion that stops a taxpayer to deny civil fraud for the same tax years this court asked the government to provide supplemental briefing on the effect of Kawashima on that those cases as we explained in our supplemental brief we believe that Kawashima which mentioned but did not dispute those cases does not have a significant effect on the cases because in those cases as in this case you have a plea to having evaded taxes by me evaded tax assessment evading taxes by evading assessment by means of filing a false return that's exactly what we have that's how mr. Anderson's criminal attorney described the charge to which he was pleading guilty at his plea colloquy and there's never been any dispute that he here was attempting to evade taxes by filing a false return since that's what all of those cases address since Kawashima recognizes the distinction between evasion and by assessment and evasion of payment and since mr. Anderson clearly here pleaded to evasion of assessment by means of filing a false return we think that the tax court's decision on that 7201 issue should be affirmed the fraud issue goes both to the fraud penalties and to the statute of limitations I just want to make two almost technical points about the statute of limitations yeah I was going to ask you about that yes after Kawashima can the Commissioner still rely solely on the conviction under 7201 to recover fraud penalties and to prove that the action is not barred by the statute of limitations I do not believe that the Commissioner can rely solely on if all the information there was was that there had been a conviction I'm sorry your honor I talked clearly if the only information in the record was that there have been a conviction under 7201 then Kawashima does seem to cast doubt on the idea that that alone would be sufficient to a stop the taxpayer but if the record of conviction showed as the record of conviction shows here that the taxpayer had clearly admitted to as an element of the crime filing a false return with the intent to evade tax and to evade tax assessment then I believe that the tax court can continue to or civil subsequent civil case can continue to rely on that conviction to prove fraud because all of the cases cited in our supplemental brief and our on the court's understanding that it's impossible to admit that you have willfully filed a false return with the intent to evade tax without also having admitted to fraud yes and there's more is probably the lead case it's a Fourth Circuit case from the 60s from yes from the 1960s and those you know cases from the 1960s are still good yes that's we're around then this is why I said more is the lead case it's been adopted by most other circuits this circuit did not have an opinion specifically adopting it but there is no circuit that has considered it and rejected that proposition this circuit still doesn't have an opinion adopting it not to my knowledge so if it were appropriate would it be time that we did so yes it would Clinton her I the two technical points I want to make about the statute of limitations one the fraud penalty only applies to fraud but the statute of limitations applies to a false or fraudulent return so I don't think it's applicable in this case but in some other case it might be possible that there be a false return and the statute of well some people are convicted of filing false returns without being convicted of tax evasion often they admit that the one often they admit they were trying to defraud say an ex-wife whose alimony was going to be based on the return and oh I knew the IRS would come and get it eventually so I wasn't trying to really trying to evade taxes but I knew it was a false return fault false return is easier to prove than fraud especially to a criminal standard when mens rea is on the table so I understand that mr. Anderson was or is the the largest invader in the history I believe that's what your brief said I believe we were citing the DC Circuit on that we don't the IRS does not have a sort of scoreboard and I don't know that that would been adjusted for inflation or anything like that but he's obviously a very significant I believe he's been covered on TV in this case maybe I don't unless it's on Masterpiece Theater the other point I wanted to make this and this is really a narrow technical point about the statute of limitations is that section 6501 c2 which was cited in mr. Anderson supplemental brief does not apply to taxes under subtitle A or B subtitle A is income taxes including this case and subtitle B is gift in a state tax so that's obviously a huge what kind of taxes gift and estate subtitle B is gift in a state taxes so that's obviously a 6501 c2 is not applicable and I just wanted to make sure the court was aware that it has a much narrower scope for that reason than 6501 c1 which is the statute of limitations that was at issue here if the panel has no further questions the Commissioner will rest on his briefs thank you you saved four minutes your honor I I still find it difficult to understand why somebody can say to the court can agree to the court that he evaded taxes of a hundred million dollars and say I'm just fine I mean it seems to me that when you make a statement to the court any court federal court that you can try to get out of it afterwards and you're gonna have to do a job to convince me your honor what he pled guilty to was section 7201 the evasion of income tax the now he agrees that he evaded income he for this case yes reason he evaded income tax and he agrees that that was no less than a hundred million dollars right and he specifically said for sentencing purposes only well but what does that mean I mean why would somebody agree for sentencing purposes and not for any other purpose I mean why would you why would you even say that to get the part of the sentence for the hundred eight to 135 months you have to come up with a number just it's no different than drug cases and it was not determined it wasn't an essential element to the finding of guilt under section 7201 the amount of the client what the point is that he stood before the court and said I did this I agree that I did this now should we just ignore the fact that isn't it isn't in March of 2011 he agreed to the deficiencies and the penalties do now that was not in connection with sentencing that was in connection with this case but that would isn't he bound by that that was strictly as a result of the decision of Judge Gustafsson in October 2010 and if we if we decide that that 2010 October decision of Judge Gustafsson was correct then in affirming that don't don't we accept without any problem these agreed to figures if if you were to uphold his decision of October 2010 I guess that might be the result but we respectfully would state that that's not correct your honor if I just may address one point that counsel had made which I respectfully disagree that mr. Anderson did not plead guilty to filing a false return he pled guilty under section 7201 for tax evasion it was the Kawashima's in Kawashima vs. Holder that had the false return issue and I believe with all due respect that the Kawashima vs. Holder decision that fraud was not necessarily in a set is not an essential element of guilt under section 7201 and therefore the tax court should not have applied the doctrine of collateral estoppel I'm sorry you disagree that that's what Kawashima said what is it about Kawashima that you disagreed with no I mean I the Supreme Court no I agree with what Kawashima said that fraud is not an essential element of a conviction under section 7201 of the Internal Revenue Code and I believe counsel also agrees with that that the Commissioner of Internal Revenue cannot rely on that solely in light of Kawashima which reiterated the Supreme Court's decision and shortened versus the United States from 1932 which basically said fraud is not an essential element and therefore it is something that should a trier of fact should consider and should not rule based on collateral estoppel finding that he was liable for civil tax fraud without looking at the facts and you know if we look at the facts here it seems to me they're pretty compelling what he admitted to to the deficiency to the fact that he didn't pay tax that he acknowledged that he owed tax and he did not pay it and he filed a return that did not reflect the tax that he owed and should have paid may I continue your honor I know my time thank you he did sign that decision but he had never admitted to fraud in his plea colloquy and there is no evidence in the record that would indicate he filed any false return he never pled to that and there was no indication or finding that he ever admitted to perpetrating a fraud well he was willing to go to jail many people go to jail but not by perpetrating a fraud your honor I mean I think how Ashima is clear on this point I think I'm clear on what the record says and the interpretations that can be given to it thank you thank you your honors I appreciate the time let me ask the young people in the back are any of you from Judge Pollack's chambers oh you are okay Melinda okay I just wanted to be sure you were here yeah okay thank you we'll hear the next case in Ray Barry Michael and let's see did everybody in that case hear what I said as to why Judge Pollack's not here okay so you understand this will be this is being put on